T.C. Summary Opinion 2015-8

UNITED STATES TAX COURT

KATERYNA BRODSKIY, Petitioner, AND ROSS BRODSKIY, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11281-13S.                    Filed February 5, 2015.

Kateryna Brodskiy, pro se.

Ross Brodskiy, pro se.

Laura J. Mullin, for respondent.

SUMMARY OPINION

CHIECHI, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Hereinafter, all section references are to the Internal Revenue Code in
effect at all relevant times.  All Rule references are to the Tax Court Rules of

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in, an addition under section 6651(a)(1) to, and a penalty under section 6662(a) on the Federal income tax (tax) of petitioner and intervenor for their taxable year 2010 of $6,642, $1,062, and $1,328.40, respectively.

The issue remaining for decision is whether petitioner is entitled to relief under section 6015(c).[2]  We hold that she is.

## Background

Some of the facts have been stipulated and are so found.

At the time petitioner filed the petition, she resided in California.

At a time not established by the record, petitioner received a master's degree in business administration.  On September 13, 2012, she became a certified public accountant.  Over the course of petitioner's education, she has taken at least one tax course.

---

[1](...continued)
Practice and Procedure.

[2]Petitioner and respondent filed a stipulation of settled issues in which she agreed to all of the determinations for the taxable year 2010 that respondent made in the notice of deficiency that respondent issued to her and intervenor Ross Brodskiy.

From at least as early as 2010, the year at issue, to the time of the trial in this case, petitioner was employed as an accountant.

As of December 31, 2011, petitioner and intervenor were legally separated.

On February 14, 2012, petitioner and intervenor jointly filed late Form 1040, U.S. Individual Income Tax Return, for their taxable year 2010 (2010 return).

Petitioner and intervenor attached to the 2010 return Schedule A, Itemized Deductions (2010 Schedule A). In the 2010 Schedule A, they claimed, inter alia, "[u]nreimbursed employee expenses" of $17,068 for vehicle mileage attributable to a business of intervenor (intervenor's claimed 2010 unreimbursed employee expenses).

Petitioner and intervenor attached to the 2010 return Schedule C, Profit or Loss From Business (2010 Schedule C). In the 2010 Schedule C, they reported that intervenor was the proprietor of a software consulting business known as Xboct Consulting. In the 2010 Schedule C, petitioner and intervenor reported "[g]ross receipts or sales" and "[g]ross income" of $18,511, deducted, inter alia, "[c]ar and truck expenses" of $13,537 (intervenor's claimed 2010 car and truck expenses), and claimed a loss of $15,406.

On February 21, 2013, respondent issued to petitioner and intervenor a notice of deficiency for their taxable year 2010 (2010 notice). In the 2010 notice, respondent determined, inter alia, to (1) disallow $10,577 of intervenor's claimed 2010 car and truck expenses reported in the 2010 Schedule C, (2) disallow $15,946 of intervenor's claimed 2010 unreimbursed employee expenses reported in the 2010 Schedule A, and (3) include in income $411 of ordinary dividends that petitioner and intervenor did not include in income in their 2010 return.

On March 21, 2013, respondent's Centralized Innocent Spouse Operations Center (respondent's CISOC) received petitioner's Form 8857, Request for Innocent Spouse Relief (petitioner's Form 8857). In that form, petitioner claimed that she had total monthly income of $6,460 and total monthly expenses of $6,470. In petitioner's Form 8857, petitioner made, inter alia, the following statement regarding the 2010 return: "I have no idea how numbers were calculated or where they came from."

Intervenor did not submit to respondent's CISOC any response to petitioner's Form 8857.

After petitioner submitted petitioner's Form 8857 to respondent's CISOC, she timely filed a petition with the Court with respect to the 2010 notice. Intervenor did not file a petition with the Court with respect to the 2010 notice.

Sometime after petitioner filed the petition, respondent's CISOC granted petitioner relief under section 6015(c). In granting that relief, respondent's CISOC used a workpaper dated January 21, 2014, that one of respondent's examiners had prepared (respondent's examiner's workpaper) after having considered petitioner's Form 8857. Respondent's examiner's workpaper stated in pertinent part:

## GENERAL INFORMATION

LITIGATION 2010 U/S Sep 12-31-2011. RS [requesting spouse] states forgery. Per tacit consent, no forgery proven, it's a valid jt [joint] return. RS checked box for abuse, but gave no explanation or documentation. Did not speak with RS about abuse, as she is relieved per attribution. RS is granted full relief of NRS [non-requesting spouse] Exam adjusted Sch C, which caused adjusted itemized deductions. can't prove RS had actual knowledge. RS was not involved in tax prep. RS was not involved in NRS self employed business. NRS had sep [separate] accts [accounts].

## SPOUSE'S RESPONSE

No Reply

## EVALUATION PROCESS

**Year 2010**

### IRC 6015(c)

Understatement of tax
No payments were made by the RS

Taxpayers are currently divorced, widowed, legally separated, or they lived apart (12 consecutive months)

Filed a joint return

Taxpayer stated the signature was forged

Signatures don't match - consider intent factors for tacit consent

## Factors to determine the intent in filing jointly

RS had a filing requirement for that year

RS did not file a separate return for that year

There was not a history of filing separately

RS participated in preparation of the joint return by providing W-2s and 1099s, etc.

RS either paid balance due or received refund for that year

The taxpayers did not file an extension for the return

RS did not receive tax benefit (reduced tax, EIC) in connection with the joint return

No Schedules C, E, F filed, or filed but did not include the RS

RS agreed to signing a joint return

Taxpayer had the intent to file a joint return - valid return

Explanation -  2010 jt return received 2-14-2012- 2009 jt return filed- return was efiled  no sep return filed by RS - per tacit consent - no forgery found

RS did not sign a waiver/report prior to stat

There was a defaulted Statutory Notice of Deficiency in the RS's name - unagreed assessment

(AUR PC 90, Exam DC 10, TC495 or TC599/88)

No OIC accepted

There is enough information to determine the claim

Balance due remaining

Claim filed timely

Understatement of tax solely attributable to the NRS

Erroneous items:  NRS has Exam adjusted Sch C of $10,577, which caused adjusted itemized deductions- there is a di [sic] minimis jt amt of $9 for Domestic Production Activities Deduction and NRS had $411 in Ordinary Dividends which caused a di [sic] minimis amt of tax.

No fraudulent transfer of assets

RS had no actual knowledge

Explanation:  Can't prove RS had actual knowledge of NRS
    disallowed Sch Cl - RS was not involved in NRS business, she was
    aware of his W-2 income of approx. $100,000.
    RS was not involved in tax prep.  Return was electronically filed

No disqualified assets transferred - grant relief

### Relief granted under IRC 6015 (c)

Either the RS made no payments, or is not requesting a refund.  No
    refundable payments.

### Full grant

### CONCLUSION

2010 - Grant under 6015(c)

**Comment:**  RS stated in Exam interview, some dividends were hers,
    not sure amt - caused.  Di [sic] Minimis tax.  RS is granted full
    relief.

On September 23, 2013, Mr. Brodskiy timely filed a notice of intervention.

### Discussion

Section 6013(a) provides that married taxpayers may elect to file jointly a tax return.  If a joint tax return is filed, the spouses are jointly and severally liable for the entire tax due.  Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000).  If certain requirements are met, a spouse may be relieved of joint and several liability in one of three ways.  See sec. 6015(b), (c), (f).

We address only whether petitioner is entitled to relief under section 6015(c). That is because our resolution of that issue provides petitioner the relief that she seeks. In order to be entitled to relief under section 6015(c), the spouse who requests that relief (requesting spouse) must satisfy several requirements, including that the requesting spouse filed jointly a tax return for the year at issue and was divorced or separated at the time the requesting spouse seeks that relief.

It is petitioner's position, and respondent concedes, that she is entitled to relief under section 6015(c). Intervenor disagrees. It is intervenor's position that petitioner is not entitled to relief under section 6015(c) because at the time she signed the 2010 return she had actual knowledge, or should have known, of the items giving rise to the deficiency that respondent determined in the 2010 notice and that were not allocable to her under section 6015(d). In support of that position, intervenor relies on section 6015(c)(3)(C), the so-called actual knowledge exception to relief under section 6015(c).[3]

---

[3]We reject intervenor's position that, because petitioner should have known of the items giving rise to the deficiency for taxable year 2010 that are not allocable to her under sec. 6015(d), sec. 6015(c)(3)(C) precludes her entitlement to relief under sec. 6015(c). Indeed, we need not even determine on the record before us whether petitioner should have known about those items. That is because sec. 6015(c)(3)(C) does not apply unless the requesting spouse, here petitioner, has "actual knowledge" of the items that gave rise to the deficiency in question and that are not allocable to the requesting spouse under sec. 6015(d). See

(continued...)

Section 6015(c)(3)(C) in essence precludes relief under section 6015(c) to a requesting spouse if the Commissioner of Internal Revenue demonstrates that the requesting spouse had actual knowledge at the time that spouse signed the tax return of any item giving rise to a deficiency (or portion thereof) which is not allocable to the requesting spouse under section 6015(d). Respondent, who would bear the burden under section 6015(c)(3)(C) of establishing petitioner's actual knowledge of items giving rise to all or a portion of the deficiency for taxable year 2010 that are not allocable to her, concedes that respondent cannot do so. We need not decide whether under those circumstances that burden shifts to intervenor. See, e.g., Knight v. Commissioner, T.C. Memo. 2010-242, 2010 WL 4536996, at *2. That is because on the record before us we find that petitioner did not have actual knowledge of the items that gave rise to the deficiency for taxable year 2010 and that are not allocable to her under section 6015(d).[4]

---

[3](...continued)
Cheshire v. Commissioner, 115 T.C. 183, 195 (2000), aff'd, 282 F.3d 326 (5th Cir. 2002).

[4]Respondent acknowledges that petitioner "admitted to having some knowledge of the [$411 of] ordinary dividends" that respondent determined in the 2010 notice petitioner and intervenor did not report in the 2010 return. However, according to respondent, "that adjustment only gave rise to a de minimis amount of tax." Intervenor does not argue that petitioner is not entitled to relief under sec. 6015(c) relating to the portion of the deficiency allocable to those dividends.

(continued...)

In finding that petitioner did not have the actual knowledge required in order for section 6015(c)(3)(C) to apply, we have considered the facsimile on which intervenor relies and which intervenor sent to respondent on April 2, 2014 (April 2, 2014 facsimile).  That facsimile purports to be a copy of an email that intervenor sent to petitioner regarding the 2010 return and petitioner's response to intervenor's email.  In the April 2, 2014 facsimile, intervenor's email to petitioner states:  "2010 taxes, final, filling [sic] at 2:30 pm".  Petitioner's response by email to intervenor's email states:  "It looks ok.  Pls scan certified mail slip so I'll track it."  On the record before us, we reject intervenor's contention that the April 2, 2014 facsimile establishes the actual knowledge that section 6015(c)(3)(C) requires in order to preclude petitioner's entitlement to relief under section 6015(c).

The deficiency for taxable year 2010 is almost entirely due to respondent's disallowance in the 2010 notice of deductions claimed in the 2010 return for certain expenses relating to intervenor's software consulting business.[5]  Petitioner, whose testimony we found to be credible, testified that intervenor prepared the

---

[4](...continued)
Under the circumstances presented, we do not consider that question.

[5]See supra note 4.

2010 return using a computer program for preparing returns and that she did not (1) participate in the preparation of that return or (2) give intervenor any advice regarding his preparation of that return. Petitioner also testified that (1) she had "nothing to do with his [intervenor's] business"; (2) she had "no knowledge of miles he drove in his car, why he claimed it"; and (3) "this * * * expense [intervenor's 2010 claimed car and truck expenses and intervenor's 2010 claimed unreimbursed employee expenses] has nothing to do with me".

Based upon our examination of the entire record before us, we find that petitioner is entitled to relief under section 6015(c).

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered for petitioner</u>.